Scott C. Trotter, Esquire Perkins Trotter, PLLC Post Office Box 251618 Little Rock, AR 72225-1618
Dear Mr. Trotter:
This is in response to your resubmission on behalf of the Arkansas Alliance for Medical Marijuana of a proposed popular name and ballot title for certification pursuant to A.C.A. § 7-9-107 (Repl. 2000). I have previously rejected similar submissions due to ambiguities in the text of the proposed initiated act. See, e.g., Op. Att'y Gen. Nos. 2004-039, 2004-010, 2003-367, and 2003-347. You have modified the text of the measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name THE ARKANSAS MEDICAL MARIJUANA ACT Ballot Title AN ACT PROVIDING THAT A "QUALIFYING PATIENT" OR "MARIJUANA PROVIDER" POSSESSING A "REGISTRY IDENTIFICATION CARD" ISSUED BY THE ARKANSAS DEPARTMENT OF HEALTH (THE "DEPARTMENT") SHALL NOT BE ARRESTED, PROSECUTED, OR PENALIZED IN ANY MANNER UNDER STATE LAW FOR ENGAGING IN OR ASSISTING WITH THE" MEDICAL USE" OF MARIJUANA BY THE "QUALIFYING PATIENT," PROVIDED THAT THE AMOUNT POSSESSED BY THE "QUALIFYING PATIENT" OR "MARIJUANA PROVIDER" DOES NOT EXCEED SIX PLANTS AND ONE OUNCE OF "USABLE MARIJUANA" PER PERSON; A "QUALIFYING PATIENT" IS A PERSON WHO IS AT LEAST EIGHTEEN YEARS OLD, WHO HAS RECEIVED A "WRITTEN CERTIFICATION," AND WHO POSSESSES A "REGISTRY IDENTIFICATION CARD"; "WRITTEN CERTIFICATION" IS A STATEMENT SIGNED BY A PHYSICIAN, AFTER COMPLETING A FULL ASSESSMENT IN A BONA FIDE PHYSICIAN-PATIENT RELATIONSHIP, DECLARING THAT THE PATIENT HAS A "DEBILITATING MEDICAL CONDITION" AND THAT THE POTENTIAL THERAPEUTIC BENEFITS OF MARIJUANA FOR THIS PATIENT LIKELY OUTWEIGH THE HEALTH RISKS; "DEBILITATING MEDICAL CONDITION" INCLUDES CANCER, GLAUCOMA, HIV, AIDS, A CHRONIC OR DEBILITATING DISEASE OR MEDICAL CONDITION THAT PRODUCES SEVERE PAIN OR OTHER CIRCUMSTANCES DESCRIBED IN THE ACT; "MEDICAL USE" IS THE ACQUISITION, POSSESSION, CULTIVATION, MANUFACTURE, USE, DELIVERY, TRANSFER, OR TRANSPORTATION OF MARIJUANA OR RELATED PARAPHERNALIA TO ALLEVIATE THE SYMPTOMS OR EFFECTS OF A QUALIFYING PATIENT'S DEBILITATING MEDICAL CONDITION; A "REGISTRY IDENTIFICATION CARD" IS A DOCUMENT ISSUED BY THE DEPARTMENT THAT IDENTIFIES A PERSON AS A QUALIFYING PATIENT OR "MARIJUANA PROVIDER"; A "MARIJUANA PROVIDER" IS A PERSON AT LEAST EIGHTEEN YEARS OLD, WHO HAS NEVER BEEN CONVICTED OF A FELONY DRUG OFFENSE, WHO POSSESSES A REGISTRY IDENTIFICATION CARD, AND WHO HAS AGREED NOT TO PROVIDE MARIJUANA TO ANY PERSON OTHER THAN THE QUALIFYING PATIENT TO WHOM HE OR SHE IS CONNECTED THROUGH THE DEPARTMENT'S REGISTRATION PROCESS; NOTHING IN THIS ACT SHALL BE CONSTRUED TO PROHIBIT A QUALIFYING PATIENT FROM ACQUIRING MARIJUANA FROM A PERSON OTHER THAN THE QUALIFYING PATIENT'S MARIJUANA PROVIDER, AND WHEN SO ACQUIRING THE QUALIFYING PATIENT WILL HAVE THE IMMUNITY FROM ARREST, PROSECUTION OR OTHER PENALTY AS SPECIFIED IN THE ACT; A QUALIFYING PATIENT MAY HAVE NO MORE THAN ONE MARIJUANA PROVIDER AT ANY ONE TIME, AND NO PERSON SHALL SERVE AS MARIJUANA PROVIDER FOR MORE THAN ONE QUALIFYING PATIENT AT ANY ONE TIME; A MARIJUANA PROVIDER MAY RECEIVE REASONABLE COMPENSATION FOR SERVICES PROVIDED TO ASSIST WITH A QUALIFYING PATIENT'S MEDICAL USE OF MARIJUANA; "USABLE MARIJUANA" IS ANY MIXTURE OR PREPARATION OF DRIED LEAVES AND FLOWERS OF MARIJUANA, BUT NOT SEEDS, STALKS, OR ROOTS; A PHYSICIAN SHALL NOT BE ARRESTED, PROSECUTED, OR PENALIZED IN ANY MANNER UNDER STATE LAW FOR PROVIDING WRITTEN CERTIFICATION FOR THE MEDICAL USE OF MARIJUANA; ANY PROPERTY POSSESSED, OWNED, OR USED IN CONNECTION WITH THE MEDICAL USE OF MARIJUANA, OR ACTS INCIDENTAL THERETO, SHALL NOT BE FORFEITED; WITHIN NINETY DAYS AFTER THE EFFECTIVE DATE OF THIS ACT, THE STATE BOARD OF HEALTH SHALL PROMULGATE REGULATIONS GOVERNING THE DEPARTMENT'S CONSIDERATION OF APPLICATIONS FOR AND RENEWALS OF REGISTRY IDENTIFICATION CARDS AND ESTABLISH FEES TO GENERATE REVENUES SUFFICIENT TO OFFSET ALL EXPENSES OF IMPLEMENTING AND ADMINISTERING THIS ACT; THE DEPARTMENT SHALL ISSUE REGISTRY IDENTIFICATION CARDS TO APPLICANTS AND THEIR PROPOSED MARIJUANA PROVIDERS WHO SUBMIT APPLICATIONS OR RENEWAL FEES AND ALL OTHER INFORMATION REQUIRED BY THE ACT; THE DEPARTMENT SHALL VERIFY THE INFORMATION AND APPROVE OR DENY AN APPLICATION OR RENEWAL WITHIN THIRTY DAYS, AND MAY DENY AN APPLICATION OR RENEWAL ONLY IF THE REQUIRED INFORMATION WAS NOT PROVIDED OR IF THE INFORMATION WAS FALSIFIED; REGISTRY IDENTIFICATION CARDS SHALL EXPIRE WITHIN ONE YEAR; THE DEPARTMENT SHALL MAINTAIN A LIST OF PEOPLE ISSUED REGISTRY IDENTIFICATION CARDS THAT IS CONFIDENTIAL, EXEMPT FROM THE ARKANSAS FREEDOM OF INFORMATION ACT, AND NOT SUBJECT TO DISCLOSURE, EXCEPT TO AUTHORIZED DEPARTMENT EMPLOYEES AS NECESSARY TO PERFORM OFFICIAL DUTIES, OR AUTHORIZED EMPLOYEES OF STATE OR LOCAL LAW ENFORCEMENT AGENCIES, ONLY AS NECESSARY TO VERIFY LAWFUL POSSESSION OF THE CARD; THIS ACT SHALL NOT APPLY TO PERMIT ANY PERSON TO OPERATE, NAVIGATE, OR BE IN ACTUAL PHYSICAL CONTROL OF ANY MOTOR VEHICLE, AIRCRAFT, OR MOTORBOAT WHILE UNDER THE INFLUENCE OF MARIJUANA, WHICH SHALL BE SUBJECT TO ALL APPLICABLE LAW; THIS ACT SHALL PERMIT CONSUMPTION OF MARIJUANA ONLY WITHIN PRIVATE RESIDENCES AND IN PLACES OF EMPLOYMENT, WITH THE EMPLOYER'S CONSENT AND OUTSIDE PUBLIC VIEW; NOTHING IN THIS ACT REQUIRES A GOVERNMENT MEDICAL ASSISTANCE PROGRAM OR PRIVATE HEALTH INSURER TO REIMBURSE COSTS OF THE MEDICAL USE OF MARIJUANA; THERE SHALL EXIST A PRESUMPTION THAT A QUALIFYING PATIENT OR MARIJUANA PROVIDER IS ENGAGED IN THE MEDICAL USE OF MARIJUANA IF THE QUALIFYING PATIENT OR MARIJUANA PROVIDER POSSESSES A REGISTRY IDENTIFICATION CARD AND AN AMOUNT OF MARIJUANA NOT IN EXCESS OF THE AMOUNT PERMITTED UNDER THIS ACT; ALL ARKANSAS LAWS IN CONFLICT WITH THIS ACT ARE REPEALED; ANY INVALID PARTS OF THIS ACT ARE SEVERABLE FROM VALID PARTS; CURRENT FEDERAL LAW PROHIBITS THE MANUFACTURE, DISTRIBUTION, AND POSSESSION OF MARIJUANA FOR ANY PURPOSE.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so; or he may reject the entire petition if it is determined that the proposed popular name and ballot title are sufficiently misleading.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, I conclude that the proposed popular name, "The Arkansas Medical Marijuana Act," is sufficient as submitted. It is therefore hereby approved.
Having analyzing the proposed ballot title and the text of your proposed measure under the above precepts, it is my conclusion that a more suitable, complete, and correct ballot title should be substituted for that proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed act:
 Ballot Title AN ACT PROVIDING THAT A PERSON WHO HAS A "DEBILITATING MEDICAL CONDITION" ACCORDING TO A PHYSICIAN'S "WRITTEN CERTIFICATION" AND WHO IS REGISTERED WITH THE ARKANSAS DEPARTMENT OF HEALTH PURSUANT TO THE ACT (KNOWN AS A "QUALIFYING PATIENT") OR A PERSON WHO IS A REGISTERED "MARIJUANA PROVIDER" PURSUANT TO THE ACT SHALL NOT BE SUBJECT TO ARREST, PROSECUTION, OR PENALTY IN ANY MANNER FOR THE ACQUISITION, POSSESSION, CULTIVATION, MANUFACTURE, USE, DELIVERY, TRANSFER, OR TRANSPORTATION OF MARIJUANA OR RELATED PARAPHERNALIA TO ALLEVIATE THE QUALIFYING PATIENT'S CONDITION (KNOWN AS THE "MEDICAL USE OF MARIJUANA"), PROVIDED THAT THE AMOUNT OF MARIJUANA POSSESSED BY THE QUALIFYING PATIENT OR THE MARIJUANA PROVIDER DOES NOT EXCEED SIX MARIJUANA PLANTS AND ONE OUNCE OF "USABLE MARIJUANA" PER PERSON; (THIS ACT WILL NOT BE EFFECTIVE TO PREVENT PROSECUTION UNDER FEDERAL LAW WHICH CURRENTLY PROHIBITS THE MANUFACTURE AND DISTRIBUTION OF MARIJUANA); PROVIDING THAT NOTHING IN THE ACT SHALL BE CONSTRUED TO PROHIBIT A QUALIFYING PATIENT FROM ACQUIRING MARIJUANA FROM SOMEONE OTHER THAN HIS OR HER REGISTERED MARIJUANA PROVIDER, AND WHEN SO ACQUIRING THE QUALIFYING PATIENT WILL HAVE THE IMMUNITY FROM ARREST, PROSECUTION, OR OTHER PENALTY AS SPECIFIED IN THE ACT; DEFINING "DEBILITATING MEDICAL CONDITION" AS CANCER, GLAUCOMA, HIV, AIDS, OR THE TREATMENT THEREOF, OR A CHRONIC OR DEBILITATING DISEASE OR MEDICAL CONDITION OR ITS TREATMENT THAT PRODUCES ONE OR MORE OF THE FOLLOWING: WASTING SYNDROME, SEVERE PAIN OR NAUSEA, SEIZURES, OR SEVERE AND PERSISTENT MUSCLE SPASMS; REQUIRING A PHYSICIAN'S WRITTEN STATEMENT, AFTER A FULL ASSESSMENT IN THE COURSE OF A PHYSICIAN-PATIENT RELATIONSHIP, THAT THE PATIENT HAS A DEBILITATING MEDICAL CONDITION AND THAT THE POTENTIAL BENEFITS OF MARIJUANA FOR THE PATIENT LIKELY OUTWEIGH THE HEALTH RISKS; PROVIDING THAT A QUALIFYING PATIENT MAY HAVE NO MORE THAN ONE REGISTERED MARIJUANA PROVIDER AT ANY ONE TIME, AND THAT NO PERSON SHALL SERVE AS A REGISTERED MARIJUANA PROVIDER FOR MORE THAN ONE QUALIFYING PATIENT AT ANY ONE TIME; ESTABLISHING A PRESUMPTION THAT A QUALIFYING PATIENT OR MARIJUANA PROVIDER IS ENGAGED IN THE MEDICAL USE OF MARIJUANA IF THE QUALIFYING PATIENT OR MARIJUANA PROVIDER POSSESSES A REGISTRY IDENTIFICATION CARD ISSUED BY THE ARKANSAS DEPARTMENT OF HEALTH ("DEPARTMENT") AND AN AMOUNT OF MARIJUANA NOT IN EXCESS OF THE PERMITTED AMOUNT; DEFINING "USABLE MARIJUANA" AS ANY MIXTURE OR PREPARATION OF DRIED LEAVES AND FLOWERS OF MARIJUANA BUT NOT SEEDS, STALKS, AND ROOTS; PROVIDING THAT A PERSON WHO IS AT LEAST EIGHTEEN YEARS OLD WHO HAS NEVER BEEN CONVICTED OF A FELONY DRUG OFFENSE MAY BE A REGISTERED" MARIJUANA PROVIDER;" AUTHORIZING A MARIJUANA PROVIDER TO RECEIVE REASONABLE COMPENSATION FOR SERVICES PROVIDED; PROTECTING A PHYSICIAN FROM ARREST, PROSECUTION, OR PENALTY IN ANY MANNER FOR PROVIDING WRITTEN CERTIFICATION FOR THE MEDICAL USE OF MARIJUANA; PREVENTING THE FORFEITURE OF ANY PROPERTY THAT IS POSSESSED, OWNED, OR USED IN CONNECTION WITH THE MEDICAL USE OF MARIJUANA, OR ACTS INCIDENTAL THERETO; REQUIRING WITHIN NINETY DAYS AFTER THE EFFECTIVE DATE OF THIS ACT THE STATE BOARD OF HEALTH TO PROMULGATE REGULATIONS GOVERNING THE DEPARTMENT'S CONSIDERATION OF APPLICATIONS FOR AND RENEWALS OF REGISTRY IDENTIFICATION CARDS AND ESTABLISH FEES TO GENERATE REVENUES SUFFICIENT TO OFFSET ADMINISTRATIVE EXPENSES; REQUIRING THE DEPARTMENT TO ISSUE REGISTRY IDENTIFICATION CARDS THAT ARE EFFECTIVE FOR ONE YEAR TO QUALIFYING PATIENTS AND THEIR MARIJUANA PROVIDERS, IF ANY, WHO SUBMIT FEES AND OTHER INFORMATION REQUIRED BY THE ACT, AND PROVIDING THAT IT MAY DENY AN APPLICATION OR RENEWAL ONLY IF THE REQUIRED INFORMATION WAS NOT PROVIDED OR WAS FALSIFIED; REQUIRING THE DEPARTMENT TO MAINTAIN A LIST OF PEOPLE ISSUED REGISTRY IDENTIFICATION CARDS THAT IS TO BE DISCLOSED ONLY TO AUTHORIZED DEPARTMENT OR LAW ENFORCEMENT EMPLOYEES; PROVIDING THAT THE ACT SHALL NOT APPLY TO PERMIT ANY PERSON TO OPERATE, NAVIGATE, OR PHYSICALLY CONTROL ANY MOTOR VEHICLE, AIRCRAFT, OR MOTORBOAT WHILE UNDER THE INFLUENCE OF MARIJUANA, WHICH SHALL BE SUBJECT TO ALL APPLICABLE LAW; PERMITTING CONSUMPTION OF MARIJUANA ONLY WITHIN PRIVATE RESIDENCES AND IN PLACES OF EMPLOYMENT, WITH THE EMPLOYER'S CONSENT AND OUTSIDE OF PUBLIC VIEW; STATING THAT NOTHING IN THE ACT REQUIRES A GOVERNMENT MEDICAL ASSISTANCE PROGRAM OR PRIVATE HEALTH INSURER TO REIMBURSE COSTS OF THE MEDICAL USE OF MARIJUANA, OR ANY PERSON OR EMPLOYER TO ACCOMMODATE THE MEDICAL USE OF MARIJUANA; REPEALING ALL ARKANSAS LAWS IN CONFLICT WITH THE ACT, AND MAKING THE ACT SEVERABLE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh
Enclosure